## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN  DIVISION

| | | |
|---|---|---|
| FRANK STEMBERK, | ) | FILED: JULY 03,2008 |
| individually and on behalf of a class, | ) | 08CV3831 |
| | ) | |
| Plaintiff, | ) | JUDGE SHADUR |
| | ) | MAGISTRATE JUDGE ASHMAN |
| v. | ) | |
| | ) | DAJ |
| NORTH STAR CAPITAL | ) | |
| ACQUISITION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT  – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Frank Stemberk  brings this action to secure redress against unlawful credit and collection practices engaged in by defendant North Star Capital Acquisition, LLC.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15  U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15  U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities

be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally

construed to carry out these objects and purposes. . . . It is further declared to be the public

policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and

15 U.S.C. §1692k (FDCPA).

5.    Venue and personal jurisdiction over defendant in this District is proper

because defendant's conduct impacted plaintiff here, and defendant does business here.

## PARTIES

6.    Plaintiff Frank Stemberk is an individual who resides in the Northern

District of Illinois.

7.    Defendant North Star Capital Acquisition LLC is a limited liability

company with offices at 220 John Glenn, Ste. 1, Amherst, NY 14228.

8.    Defendant North Star Capital Acquisition LLC is engaged in the business

of enforcing  charged-off consumer debts allegedly purchased from others against consumers.

9.    Defendant North Star Capital Acquisition LLC pays almost nothing for

the

"rights" it acquires,  less than ten cents on the dollar.

10.    Defendant North Star Capital Acquisition LLC regularly uses the mails

and telephones to conduct its business.

11.    Defendant North Star Capital Acquisition LLC has been the plaintiff in

more than 100  Illinois lawsuits seeking to collect consumer debts.

12.    Because the purported obligations were originally owed to other entities

2

and were charged off prior to its involvement with them, North Star Capital Acquisition LLC is a "debt collector" as defined in the FDCPA.

13.     North Star Capital Acquisition LLC is also a "collection agency" as defined in the ICAA.

## FACTS

14.     North Star Capital Acquisition, LLC obtains no or virtually no documentation substantiating that the purported debtors actually owe any money to anyone.  If it wanted such documentation, North Star Capital Acquisition, LLC would have to pay more.

15.     To make up for this self-created deficiency, North Star Capital Acquisition, LLC resorts to fraud and misrepresentation.

16.     Attached as <u>Exhibit A</u> is a document which defendant North Star Capital Acquisition, LLC regularly attaches to collection complaints filed in the Circuit Court of Cook County.

17.     <u>Exhibit A</u> is a standard form document, filled out in a standardized manner.

18.     The particular example in <u>Exhibit A</u> was attached to a collection complaint which defendant North Star Capital Acquisition, LLC filed against plaintiff Frank Stemberk on or about March 24, 2008.

19.     On information and belief an example of the document was attached to every collection complaint North Star Capital Acquisition, LLC filed in the Circuit Court of Cook County for a period of months.

20.     <u>Exhibit A</u> is devised to appear to be a statement sent to the  putative

3

debtor

in the ordinary course of business.  It states "You may avoid additional finance charges if you pay this amount by the due date."

21.     In truth and in fact, <u>Exhibit A</u> is not sent to putative debtors,  except as an exhibit to a collection complaint.

22.     Plaintiff never received <u>Exhibit A</u> by mail.

23.     The purpose and effect of <u>Exhibit A</u> is to falsely represent that the document was sent to the putative debtor and not objected to.

24.     <u>Exhibit A</u> was attached to a complaint alleging that "Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so."

25.     The complaint did not attach any sort of assignment.

26.     On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

27.     Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

## <u>COUNT I  – FDCPA  – CLASS CLAIM</u>

28.     Plaintiff incorporates paragraphs 1-24.

29.     <u>Exhibit A</u> violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation  to collect or attempt to collect any debt or to obtain information concerning a consumer  (§1692e(10)).

4

## CLASS ALLEGATIONS

30.     Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Illinois addresses  (b) with respect to whom defendant North Star Capital Acquisition, LLC filed a lawsuit (c) attaching a document in the form represented by Exhibit A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

31.     The class is so numerous that joinder is impracticable.

32.     There are more than 100 natural persons with Illinois addresses  with respect to whom defendant North Star Capital Acquisition, LLC filed a lawsuit, attaching a document in the form represented by Exhibit A, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

33.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

34.     Plaintiff's claim is typical of the claims of the class members.  All are based  on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

5

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

a.    Statutory damages;

b.    Attorney's fees, litigation expenses and costs of suit;

c.    Such other or further relief as the Court deems proper.

## COUNT II – FDCPA – INDIVIDUAL CLAIM

37.    Plaintiff incorporates paragraphs 1-27.

38.    There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

39.    There are multiple  reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt.   Smith v. Mallick, 514 F.3d 48 (D.C.Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result).  See also,  Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D.Ind.,  Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D.Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

40.    In Wood v. M&J Recovery LLC,. CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D.N.Y., April 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one

another disputing the ownership of the portfolio involved.  Shekinah alleged that it sold a

portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that

NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt.

Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

        41.    In <u>Associates Financial Services Co. v. Bowman, Heintz, Boscia &</u>

             <u>Vician,</u>

<u>P.C.,</u> IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D.Ind., April 25, 2001), later

opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a

creditor had continued to collect accounts allegedly sold to a debt buyer.

        42.    An article that appeared in the trade press shortly before the extension of

the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick
> up accounts to collect on. Too small to buy portfolios directly from major credit
> issuers, they look to the secondary market where portfolios are resold in smaller
> chunks that they can handle.

> But what they sometimes find in the secondary market are horror stories: The
> same portfolio is sold to multiple buyers; the seller doesn't actually own the
> portfolio put up for sale; half the accounts are out of statute; accounts are rife with
> erroneous information; access to documentation is limited or nonexistent. . . . .

Corinna C. Petry, <u>Do Your Homework; Dangers often lay hidden in secondary market debt</u>

<u>portfolio offerings. Here are lessons from the market pros that novices can use to avoid nasty</u>

<u>surprises,</u> Collections & Credit Risk, March 2007, pg. 24, Vol. 12, No. 3.   The article quoted an

officer of an Illinois debt buyer who had purchased, or ostensibly purchased, bad paper.

        43.    Courts have also dismissed  numerous collection and foreclosure lawsuits

filed in the names of entities that did not own the purported debts.   <u>In re Foreclosure Cases,</u>

1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio Oct.

31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D.Ohio. 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D.Ohio, Dec. 27, 2007); NovaStar Mortgage, Inc.  v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D.Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc.  v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D.Ohio., Nov. 21, 2007); HSBC Bank USA v. Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D.Ohio., Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App. March 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct.,  Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., January 30, 2008);  HSBC Bank USA, N.A., v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec.  17, 2007); Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

44.    Debt buyer American Acceptance filed a lawsuit alleging that a broker of charged-off debts sold it debts to which it did not have title.  American Acceptance Co. v. Goldberg, 2:08cv9 (N.D.Ind.).  Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them.  Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D.Fla., filed

Nov. 5, 2007).  A similar suit, alleging that the broker resold accounts it did not own, was filed

by Old National Bank, Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM

(S.D.Fla., Jan. 24, 2008).  The same debt broker is accused in another complaint of selling 6,521

accounts totaling about $40 million face value which it did not own. RMB Holdings, LLC v.

Goldberg & Associates, LLC, 3:07-cv-00406 (E.D.Tenn., filed Oct. 29, 2007).  Other debt

buyers have voiced similar complaints.  "Florida Broker Faces Multiple Lawsuits," Collections

& Credit Risk, April 2008, p. 8.

45.    In order to protect Illinois residents against this sort of abuse, the Illinois

Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers

as "collection agencies".  This makes applicable the special assignment requirements in ICAA

§8b, 225 ILCS 425/8b.  Illinois courts had held prior to the amendment that a party that was

required to but did not have such an assignment does not have a valid claim and that the

defendant in such a case is entitled to judgment.  Business Service Bureau, Inc. v. Webster, 298

Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

46.    Section 8b of the ICAA provides:

**Sec. 8b.  An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**(i) the effective date of the assignment; and**

**(ii) the consideration for the assignment.**

**(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration**

9

**may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.**

**(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.**

**(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.**

**(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law. . . .**

47.    Furthermore, the assignment must be attached to the complaint.  <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

48.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title. . . . "   735 ILCS 5/2-403(a).

49.    The filing and prosecution of collection lawsuits notwithstanding a
     known
defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

50.    Since <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D.Ala.  1987),  "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay  has been a violation of the FDCPA.

51.     In addition, by filing suit defendant misrepresents that it has proper title to the debt and the right to file suit, when this is not true.

52.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

53.     Section 1692f provides:

**§ 1692f.     Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff  and against defendant for:

(1)          Statutory damages;

(2)          Actual damages;

(3)          Attorney's fees, litigation expenses and costs of

suit;

11

(4)          Such other and further relief as the Court deems

proper.

## COUNT III  – ILLINOIS COLLECTION AGENCY ACT   – INDIVIDUAL CLAIM

54.     Plaintiff incorporates paragraphs 1-27 and 38-48.

55.     Defendant violated 225 ILCS 425/8b by filing suit without an assignment

in the form specified therein.

56.     Defendant negligently or knowingly violated the following provisions of

225 ILCS 425/9:

> . . .**(20) Attempting or threatening to enforce a right or remedy with
> knowledge or reason to know that the right or remedy does not exist.  . . .**

57.     A private right of action exists for violation of the ICAA.  Sherman v.

Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

58.     Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

(1)      Compensatory, punitive and nominal damages, as appropriate;

(2)      Costs.

(3)      Such other and further relief as is appropriate.


/s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Daniel A. Edelman
Daniel A. Edelman

T:\21582\Pleading\Complaint_Pleading.wpd

13

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


/s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

14

# NORTH STAR CAPITAL ACQUISITION, LLC

7- 61036

## Charge-Off Statement

| ACCOUNT NUMBER | PAYMENT DUE DATE | PAST DUE AMOUNT | MINIMUM PAYMENT | NEW BALANCE | AMOUNT OF PAYMENT ENCLOSED |
|---|---|---|---|---|---|
| 72115740751317 | 09/17/2006 | 2961.68 | | 2961.68 | $ |

**FRANK STEMBERK**
7847 OGDEN AVE
LYONS, IL 60534-1312

**220 JOHN GLENN DRIVE
SUITE ONE
AMHERST, NY 14228**

08CV3831
JUDGE SHADUR
MAGISTRATE JUDGE ASHMAN

| ACCOUNT NUMBER | CREDIT LINE | CREDIT AVAILABLE | DAYS IN BILLING CYCLE | BILL DATE | PAYMENT DUE DATE | MINIMUM PAYMENT DUE |
|---|---|---|---|---|---|---|
| 72115740751317 | 2800.00 | | | 09/07/2006 | 09/17/2006 | |

| DATE OF | | REFERENCE NUMBER | DESCRIPTION OF TRANSACTIONS | AMOUNT |
|---|---|---|---|---|
| TRANS | POST | | | |
| 0000 | 0000 | | OVERLIMIT FEE | 0.00 |
| 0000 | 0000 | | LATE CHARGE - MIN PYMT NOT RECD BY DATE | 0.00 |
| | | **** FINANCE CHARGE CURRENT PURCHASE | | |

| PREVIOUS BALANCE | PAYMENTS | CREDITS | NEW PURCHASES AND ADVANCES | DEBIT ADJUSTMENTS | FINANCE CHARGES | OVERLINE AMOUNT | NEW BALANCE |
|---|---|---|---|---|---|---|---|
| 2961.68 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 2961.68 |

AN AMOUNT FOLLOWED BY A MINUS SIGN(-) IS A CREDIT BALANCE UNLESS OTHERWISE INDICATED

| YOU MAY AVOID ADDITIONAL FINANCE CHARGES IF YOU PAY THIS AMOUNT BY THE DUE DATE | TYPES OF CREDIT TO WHICH RATES APPLY | FINANCE CHARGE BALANCES | DAILY PERIODIC RATE | NOMINAL ANNUAL PERCENTAGE RATES | ANNUAL PERCENTAGE RATES |
|---|---|---|---|---|---|
| | PURCHASES | | .01644 % | % | 6.00 % |
| | ADVANCES | | % | % | % |
| $ | | | | | |



PLAINTIFF'S EXHIBIT
A